UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHRISTOPHER THURSTON, )
)
    Plaintiff, )
)
v. ) Case No. 5:13-cv-316
)
SCOTT MORLEY, BOB ARKLEY, )
and CARL DAVIS, )
)
    Defendants. )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 47, 48)

This matter came before the court for a review of the Magistrate Judge's August 25, 2015 Report and Recommendation ("R & R"), in which he recommended that the court grant the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants Scott Morley, Bob Arkley, and Carl Davis (collectively, "Defendants").[1] (Doc. 48.) Plaintiff Christopher Thurston's claims stem from the alleged confiscation of his mental health journal by Defendant Arkley and his alleged subsequent decision to put Plaintiff in administrative segregation based on it. Plaintiff further alleges that Defendants Morley and Davis sent copies of his journal entries to the Vermont State Police, who then questioned him about the journal's contents for approximately thirty minutes.

In their motion, Defendants seek dismissal of Plaintiff's Second Amended Complaint because Plaintiff's 42 U.S.C. § 1983 claims for money damages against them in their official capacities are barred by the doctrine of sovereign immunity, and because Plaintiff has failed to allege any violation of his Fifth Amendment rights because his

---

[1] Defendants were Vermont Department of Corrections ("DOC") officials at all relevant times.

journal entries were not compelled communications. (Doc. 47.) Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eight page R & R, the Magistrate Judge carefully reviewed the factual allegations and legal claims in both the original Complaint and the Second Amended Complaint and the motion to dismiss and ultimately recommended dismissal of all claims against Defendants based on Plaintiff's failure to allege a Fifth Amendment violation because Plaintiff voluntarily created the journal in question. *See United States v. Doe*, 465 U.S. 605, 612 n.10 (1984) (observing that "[i]f the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged"). In addition, the Magistrate Judge found Plaintiff alleged no monetary damages as a result of Defendants' alleged actions and that any claim for monetary damages that he might seek against Defendants in their official capacities is barred by Vermont's sovereign immunity. This court finds the Magistrate Judge's decision well-reasoned and adopts the R & R and its recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion (Doc. 48), and GRANTS Defendants' motion to dismiss. (Doc. 47.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of September, 2015.

Christina Reiss, Chief Judge
United States District Court